**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 09-7473

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TIMOTHY LEE CLARIDY,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, District Judge. (1:07-cr-00244-RDB-1)

Submitted: March 15, 2010          Decided: March 30, 2010

Before NIEMEYER, GREGORY, and DAVIS, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Timothy Lee Claridy, Appellant Pro Se. Philip S. Jackson, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timothy Lee Claridy appeals the district court order denying his motion for return of property. Claridy argues on appeal that the notice of the forfeiture was not reasonably calculated to notify him of the administrative forfeiture proceedings. For the reasons that follow, we vacate and remand for further proceedings.

Claridy contends that the Government failed to serve him with notice of forfeiture. The Government may, without resort to judicial proceedings, declare forfeiture of property that is otherwise subject to criminal forfeiture and worth less than $500,000. See 19 U.S.C. § 1607(a) (2006); 21 U.S.C. § 881 (2006); see also United States v. Minor, 228 F.3d 352, 354 (4th Cir. 2000).

Prior to forfeiture, the Government must publish notice of its intention to declare forfeiture of the seized property, as well as provide written notice to interested parties. 19 U.S.C. § 1607(a). Such notice is necessary in order to give the individuals whose property interests are at stake an opportunity to be heard. See Dusenbery v. United States, 534 U.S. 161, 167 (2002). Notice is adequate if it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action." Minor, 228 F.3d at 357 (internal quotation omitted). The Government must

2

act "desirous of actually informing" the property owner of the impending forfeiture. Id. at 358. In most cases, the Government can meet its burden by showing that: (1) it "sent a certified letter, return receipt requested, to the facility at which the prisoner was being housed," (2) a prison official signed the return receipt, and (3) mail delivery procedures at that facility were reasonably calculated to ensure that the notice would reach the inmate and would be accepted only where the inmate was actually present. Id.

With these standards in mind, we find that the Government has not shown that its notice to Claridy was adequate. In its response to Claridy's motion, the Government demonstrated that it sent a certified letter to the Wicomico County Detention Center, where Claridy was housed, and that someone at the facility signed the signature block accepting delivery of the letter. However, the Government submitted no evidence to show that the signatory was a prison official or that the mail delivery procedures at the Wicomico County Detention Center were reasonably calculated to ensure that the notice would reach Claridy.

Accordingly, we vacate the district court's order denying relief on the motion for return of property and remand for a renewed determination of whether Claridy received adequate

3

notice.[*]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

---

[*] In his informal brief, Claridy asserts that the district court abused its discretion by permitting the Government to supplement its response to the motion for return of property. We find this claim to be without merit.

4